UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JUAN M. GONZALEZ,
and other similarly situated individuals,

    Plaintiff(s),

v.

UNIVERSAL GROUP 1, INC.,
MARTIN F. PEREZ, and
LEON AZICRI, individually,

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JUAN M. GONZALEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues the Defendants UNIVERSAL GROUP 1, INC., MARTIN F. PEREZ, and LEON AZICRI individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JUAN M. GONZALEZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant UNIVERSAL GROUP 1, INC (hereinafter UNIVERSAL GROUP, or Defendant) is a Florida Profit Corporation having its main place of business in Dade County. The Defendant was engaged in interstate commerce.

4. The individual Defendants UNIVERSAL GROUP were and are now owners/partners/managers and operators of UNIVERSAL GROUP. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JUAN M. GONZALEZ and other similarly situated employees to recover from the Defendants overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant UNIVERSAL GROUP is a commercial and residential general contractor, performing construction work in Dade County.

8. The Defendants UNIVERSAL GROUP, MARTIN F. PEREZ, and LEON AZICRI employed Plaintiff JUAN M. GONZALEZ as a non-exempted, full-time, hourly employee, approximately from February 15, 2017, to January 22, 2020, or 2 years plus 11 months. However, for FLSA purposes de relevant period of employment is 147 weeks.

9. The Plaintiff was hired as an electrician and his last wage rate was $17.50 an hour.

10. While employed by Defendants the Plaintiff worked regularly and consistently 6 days per week, from Mondays to Saturdays a regular schedule. The Plaintiff worked from 8:00 AM to 7:00 PM (11 hours daily) a total of 66 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

11. The Plaintiff worked in excess of 66 hours every week, but the Defendants paid Plaintiff for only 48 hours at his regular rate. The Defendants failed to pay Plaintiff for the remaining 18 overtime hours.

12. There is a substantial number of overtime hours that were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by the FLSA.

13. During the relevant time of employment, the Plaintiff did not clock in and out. However, the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the Plaintiff total number of working hours

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff was paid weekly strictly in cash, without any paystub or record showing basic information such as the number of days and hours worked, wage-rate, employment taxes, etc.

16. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on his best recollections, after proper discovery, the Plaintiff is going to amend his calculations.

17. The Plaintiff was fired on or about January 22, 2020.

18. Plaintiff JUAN M. GONZALEZ seeks to recover unpaid overtime hours, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

20. Plaintiff JUAN M. GONZALEZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff JUAN M. GONZALEZ and those similarly-situated as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees…

for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant UNIVERSAL GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant is a construction company. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. The Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was an electrician through his daily activities, he worked and handled and on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

25. The Defendants UNIVERSAL GROUP employed Plaintiff JUAN M. GONZALEZ as a non-exempted, full-time, hourly employee, approximately from February 15, 2017, to January 22, 2020, or 2 years plus 11 months. However, for FLSA purposes de relevant period of employment is 147 weeks.

26. The Plaintiff was hired as an electrician and his last wage rate was $17.50 an hour.

27. While employed by Defendants the Plaintiff worked regularly and consistently 6 days per week, 11 hours daily, for a total of 66 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

28. The Plaintiff worked in excess of 66 hours every week, but the Defendants paid Plaintiff for only 48 hours at his regular rate. The Defendants failed to pay Plaintiff for the remaining 18 overtime hours.

29. There is a substantial number of overtime hours that were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by the FLSA.

30. During the relevant time of employment, the Plaintiff did not clock in and out. However, the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of the Plaintiff total number of working hours

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

32. The Plaintiff was weekly strictly in cash, without any paystub or records showing basic information such as the number of days and hours worked, wage-rate, employment taxes, etc.

33. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based only on a workweek of 66 hours with 26 unpaid overtime hours. After proper discovery, the Plaintiff is going to amend his calculations.

34. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

35. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. The Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification. Adjustments will be made after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Seventy-Nine Thousand Seven Hundred Forty-Seven Dollars and 50/100 ($79,747.50)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 153 weeks
    Relevant weeks of employment: 147 weeks
    Total hours worked: 66
    Total number of overtime hours: 26
    Total number of paid overtime hours: 8 hours paid at $17.50
    Regular rate: $17.50 x 1.5=$26.50
    O/T rate: $26.50

**1.- Half-time overtime for 8 hours paid at $17.50 an hour for 147 weeks**
 Relevant weeks of employment:  147 weeks
Total hours worked: 66
Total number of overtime hours:  26
Total number of paid overtime hours: 8 hours paid at $17.50
Regular rate: $17.50 x 1.5=$26.5-$17.50 O/T rate paid=$8.75 difference
Half-time O/T rate: $8.75

Half-time O/T $8.75 x 8 O/T hours=$70.00 weekly x 147 weeks=$10,290.00

**2.- Overtime for 18 hours weekly paid at $0.00 an hour for 147 weeks**
Relevant weeks of employment:  147 weeks
Total hours worked: 66
Total number of overtime hours:  26
Total number of paid overtime hours: 18 hours paid at $0.00
Regular rate: $17.50 x 1.5=$26.25
O/T rate: $26.25

O/T rate $26.25 x 18 O/T hours=$472.50 weekly x 147 weeks=$69,457.50

Total #1, and #2: $79,747.50

  c.  <u>Nature of wages (e.g. overtime or straight time):</u>

  This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants UNIVERSAL GROUP, JUAN M. GONZALEZ, and LEON AZICRI failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants UNIVERSAL GROUP, JUAN M. GONZALEZ, and LEON AZICRI knew and/or showed reckless disregard of the provisions of the Act concerning the

payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendants MARTIN F. PEREZ, and LEON AZICRI were and are now, owners/partners/managers of UNIVERSAL GROUP. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. Defendants MARTIN F. PEREZ, and LEON AZICRI acted directly in the interests of UNIVERSAL GROUP in relation to its employees including Plaintiff and others similarly situated. Defendants MARTIN F. PEREZ, and LEON AZICRI had operational control of the business, determined working conditions of Plaintiff, and they are jointly and severally liable for the Plaintiff's damages.

41. Defendant UNIVERSAL GROUP, MARTIN F. PEREZ, and LEON AZICRI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN M. GONZALEZ and those similarly situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants UNIVERSAL GROUP, MARTIN F. PEREZ, and LEON AZICRI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JUAN M. GONZALEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: March 30, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*