UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 20-cv-21379-KMW

JUAN M. GONZALEZ,
and other similarly situated individuals,

       Plaintiff,

vs.

UNIVERSAL GROUP 1, INC., MARTIN F.
PEREZ, and LEON AZICRI, individually,

       Defendant.
_____/

**JOINT MOTION REQUESTING ORDER APPROVING
SETTLEMENT AGREEMENT AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff, JUAN M. GONZALEZ, and Defendants, UNIVERSAL GROUP 1 INC., MARTIN F. PEREZ, by and through their respective undersigned counsel, hereby file this Joint Motion Requesting Order Approving Settlement Agreement and to Dismiss Lawsuit with Prejudice, pursuant to this Court's Order (ECF No. 20). The parties state the following in support:

1. This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for unpaid wages allegedly owed to him.

2. Because of the nature of Plaintiff's claims, which include wages allegedly owed under the FLSA, the settlement requires Court approval in order to become effective. *Lynn's Food Stores v. U.S. Dep't of Labor*, 619 F.2d 1350, 1353 (11th Cir. 1982).

3. Defendants deny all of Plaintiff's allegations. As to Plaintiff's claim of unpaid wages, Defendants contend that Plaintiff was not employed by Defendants.

4. Notwithstanding the parties' disagreement over the legal and factual merits of the allegations and the scope of any potential damages, the parties engaged in settlement discussions in an attempt to see if the instant action could be resolved without further litigation.

5. The parties have reached a settlement that resolves all of Plaintiff's claims against Defendants—including claims arising under the FLSA. Accordingly, the parties have executed a Settlement Agreement and Release.

6. The parties prepared and signed a Settlement Agreement and General Release ("Settlement Agreement") that memorializes the monetary and non-monetary terms and conditions of the settlement. A copy of the Agreement is attached hereto as **Exhibit "A."**

7. The parties agree that the amount of money Plaintiff is receiving is fair with respect to his claims. Further, Plaintiff agreed and acknowledged in the Settlement Agreement and Release that he has been fully paid for all hours worked.

8. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement and Release.

9. With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in

circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti,* 715 F. Supp.2d at 1228; see also *Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

10.     As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

11.     Here, Plaintiff's counsel's attorney's fees and costs were negotiated separate and apart and the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiff, who is receiving full relief and compensation.  Consequentially, Plaintiff's recovery was not adversely affected by the amount of fees and costs to be paid to his attorney. As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiff's recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to the Plaintiff.

12. Throughout the parties' settlement negotiations, each party was represented by counsel with experience in this area of law.

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreement and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

Dated: November 13, 2020                                    Respectfully Submitted,

/s/ Zandro E. Palma
Zandro E. Palma, Esq.
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com

Attorney for Plaintiff

/s/Nathaly Saavedra
Juan J. Perez, Esq.
Florida Bar No.: 115784
Email: juan@peregonza.com
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.   (786) 650-0200
Email: office@peregonza.com
Email: nathaly@peregonza.com

Attorneys for Defendants *Universal Group 1 Inc and Martin F. Perez*