### SETTLEMENT AGREEMENT, WAIVER, AND RELEASE

This Settlement Agreement, Waiver, and Release ("Agreement") is made between JUAN M. GONZALEZ (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and, and UNIVERSAL GROUP 1, INC., MARTIN F. PEREZ and LEON AZICRI (hereinafter referred to as "Defendants," or "Releasees" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

### RECITALS

WHEREAS, Plaintiff and Defendants, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff as set forth below.

NOW, THEREFORE, in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

1.<u>Consideration Paid To Plaintiff</u>**:** In consideration for execution of this Agreement, and for not only the dismissal with prejudice of the lawsuit *case No. 20-CV-21379-kmw* pending in the United States District Court for the Southern District of Florida ("SDFL action") but also the Plaintiff's relinquishment and withdrawal of all other claims, pending or potential, against the Defendants, each party to bear its own fees and costs except as described herein, Defendants agree to pay the amount described herein. The Plaintiff warrants that no other charges or complaints have been filed related to his employment with the Defendants but agrees that either way all claims related to his employment are relinquished. Plaintiff further agrees and acknowledges that Defendant's obligations pursuant to this Agreement do not arise until Plaintiff executes this Agreement.

In exchange for the consideration from Plaintiff in this Agreement, Defendants agree to pay the total sum of $18,000 in two installments which includes $10,000 for Plaintiff in consideration to Plaintiff for his claims for alleged overtime wages and for alleged liquidated damages and 8,000 for fees and costs. All of these amounts will be paid to Plaintiff and his counsel in two installments as follows:

a. First payment on or before October 1, 2020, of $9,000 payable to Plaintiff's counsel Trust Account: "Zandro E. Palma, PA IOLTA".
b. Second payment of $9,000.00 due on or before November 13th, 2020 payable to Plaintiff's counsel Trust Account: "Zandro E. Palma, PA IOLTA".

All funds to remain in Plaintiff's counsel trust account until the Court enters an order approving the settlement and dismissing the case with prejudice. In the event that the Court does not approve the settlement, after both parties have in good faith exhausted all attempts to have the agreement approved by the Court, then the Plaintiff shall return all settlement funds to the Defendants and

the case shall proceed in litigation.

Default Provision: In the event a payment is not received when due as set forth above in paragraph 1, Plaintiff shall send e-mail notice to Defendants' counsel @ nathaly@peregonza.com and juan@peregonza.com, indicating that a payment has not been received. Defendants shall then have three (3) business days to cure by making payment within this timeframe. In the event Defendants do not make payment, and upon expiration of the three (3) business days cure period, Plaintiff shall be entitle to entry of a Stipulated Judgment against all Defendants, jointly and severally, for the full amount then remaining, plus $15,000.00 in liquidated damages, plus Plaintiff's reasonable attorney's fees and costs incurred in entering and enforcing judgment.

2. Tax Liability: Plaintiff will indemnify and hold Defendants, their directors, agents, legal counsel, insurers and other professional advisors harmless to the full extent allowed by law or equity, against all claims, damages, penalties, or actions to which Defendants may become subject, related to the taxation or deductions from the amounts being paid in connection with this Agreement including the withholding of payroll taxes.

3. Exclusive Authority: Plaintiff represents and warrants that no person other than themselves had or has any claims to any interest in the subject matter of their allegations against Defendants; that they have the sole right and exclusive authority to execute this Agreement; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement, except as may relate to their fee agreement with their attorney.

4. No Admission of Liability**:** Plaintiff acknowledge that Defendants deny any liability whatsoever with respect to the claims made by Plaintiff. In accepting payment in consideration for this Agreement, Plaintiff agree that such payment is tendered and accepted to resolve all their pending issues with Defendants, and that this will not be construed as an admission by Defendant of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether under any federal, state or local law.

5. Releases.  Based on the consideration described above, which Plaintiff agrees is sufficient consideration to which Plaintiff is not otherwise entitled, Plaintiff hereby fully and finally releases and discharges Releasees from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, including without limitation: any and all claims by or on behalf of Plaintiff that Releasees have ever committed any statutory violation or other wrong with respect to Plaintiff insofar as such claims have or could have been asserted by Plaintiff ; any and all claims of other liability or damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Plaintiff's alleged employment with and/or separation from Releasees including but not limited to claims for

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by Releasees; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on Releasees' right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Plaintiff against Releasees and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement. The statutory claims released by this Settlement Agreement include, but are not limited to, claims brought under:

- Title VII of the Civil Rights Act of 1964, as amended in 1991;
- Section 1981;
- The Florida Civil Rights Act;
- The Equal Pay Act;
- The Employee Retirement Income Security Act ("ERISA");
- The Age Discrimination in Employment Act;
- The Older Worker Benefit Protection Act;
- The Fair Labor Standards Act;
- The Americans With Disabilities Act;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Immigration Reform Control Act;
- Executive Order 11246;
- OSHA;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Worker Adjustment and Retraining Notification Act;
- The Employee Polygraph Protection Act;
- The Electronic Communication Privacy Act;
- The Computer Fraud & Abuse Act;
- The Health Insurance Portability & Accountability Act of 1996; and
- Any state or federal anti-discrimination, consumer protection and/or trade practices act.

Plaintiff represents and warrants that Plaintiff has not and will not assign Plaintiff's interest in any of Plaintiff's asserted claims or any unasserted claims against Releasees to anyone. Plaintiff further releases Releasees from any duties or obligation to indemnify Plaintiff for any fees, costs, and/or damages Plaintiff has incurred or may incur in the future based upon events that occur up to the date this Agreement was signed, except as otherwise required by law. Plaintiff fully understands that this Agreement includes any and all claims related in any manner to Plaintiff's employment or the cessation of that employment except where specifically excluded.

6. No Re-employment.  Plaintiff expressly agrees that Plaintiff will not be eligible for future employment or other contractual relationship in any position with any Releasee, nor will Plaintiff seek or apply for such employment or contractual relationship, and Plaintiff represents and warrants that Plaintiff will not knowingly apply for or otherwise seek future employment or other contractual relationship with any Releasee. If Plaintiff is hired by any Releasee, or Plaintiff enters into a contractual relationship with any Releasee, this Agreement and General Release shall be sufficient to terminate Plaintiff. Plaintiff agrees that the limitations in this section on Plaintiff's future employment and contractual rights are fair and just under all of the relevant facts and circumstances, including the highly contested disputes between Plaintiff and Releasees. Further, Plaintiff expressly agrees that Plaintiff will not in the future come onto or enter Releasees' business premises.

7. Agreement as Complete Defense.  The parties understand that this Agreement, and the releases it contains, is a complete defense to any claim or entitlement which Plaintiff may hereinafter assert against Releasees in any suit or claim for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is signed by both parties.

8. Confidentiality.  Subject to the other terms and conditions of this Agreement, Plaintiff agrees to keep the following matters strictly confidential:

      a.     the existence and terms of this Agreement;

      b.     the claims which were or could have been asserted, either expressly or by implication, by Plaintiff in any action against Releasees;

      c.     the facts or alleged facts upon which said action is purported to be based or could have been based;

      d.     any and all facts and information obtained at any time by Plaintiff related to this Agreement and all confidential and/or proprietary information learned by Plaintiff about the business affairs, employees, and patients of Releasees during the time Plaintiff had an employment, business and/or contractual relationship with Releasees.

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

These matters are to be held in strict confidence by Plaintiff.  Plaintiff agrees that all the above-described matters shall be kept confidential and shall not be discussed, disclosed or otherwise revealed **to any person or entity,** including any governmental, legislative or regulatory body, in either general or specific terms except: (a) with the prior written consent of Releasees; (b) pursuant to an order of a court or an order or request by a governmental body having jurisdiction to issue such order or request, in which event Plaintiff shall make every reasonable effort to notify Releasees prior to any such disclosure; or (c) for accounting purposes, tax purposes, or securing government benefits, or to Plaintiff's lawyer or accountant.  When disclosure is required and allowed by this Agreement, those parties to whom such communication is made will: (a) be put on notice of the confidentiality of this Agreement; (b) be specifically instructed to maintain such information as confidential and to refrain from disclosing such information to any other person as allowed by law; and; (c) be required to agree in writing to be bound by the constraints of this Agreement.  Nothing in this Agreement is intended to prevent or discourage your filing charges with administrative agencies such as the EEOC or NLRB; from participating in any investigation by such an agency; or to affect claims for workers' compensation or unemployment insurance, or other claims that cannot be lawfully released by you.  Notwithstanding, you hereby waive any individual relief related to any administrative agency filing.  Further, if asked about the result of this matter, Plaintiff may respond that "the matter has been amicably resolved."

9. Restrictive Covenants Independent.  Each restrictive covenant set forth in this Agreement shall be construed as a covenant independent of any other covenant or provision of this Agreement between Sea Lion Boats and Plaintiff , and the existence of any claim or cause of action by Plaintiff against Releasees, whether predicated upon another covenant or provision of the Agreement or otherwise, shall not constitute a defense to the enforcement by Releasees of any other covenant or this Agreement.

10. Disparaging Statements.  Plaintiff agrees not to make any disparaging statements concerning Releasees, its/their products or services.

11. Damages for Breach of Confidentiality Clause.  The parties acknowledge and agree that Plaintiff has been specifically advised that Plaintiff is not to disclose any information made confidential by this Agreement.  Plaintiff represents and warrants that since this agreement was reached, Plaintiff has made no disclosure of any information made confidential by the Agreement.  In the event Plaintiff violates this confidentiality or non-disparagement provision, Plaintiff will be obligated to pay Releasees $5,000.00 per each proven breach in Court as liquidated damages, and not as a penalty, for each violation.  The parties agree that this sum is a good faith estimate of Releasees' damages for any breach by Plaintiff of this confidentiality or non-disparagement provision.

12. Affirmations.  To the extent Plaintiff may be classified as nonexempt, is later deemed nonexempt, or later claims Plaintiff should have been classified as nonexempt, Plaintiff affirms

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

that Plaintiff has reported all hours worked as of the date of this Agreement and has been paid and/or has received all leave (paid or unpaid), compensation, regular wages, bonuses, commissions, vacation pay, shares, stock options and/or benefits to which Plaintiff may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to Plaintiff . Plaintiff furthermore affirms that Plaintiff has no known workplace injuries or occupational diseases. Plaintiff further affirms Plaintiff has not complained of and is not aware of any fraudulent activity or any act(s) which would form the basis of a claim of fraudulent or illegal activity of Releasees.

13. No Admission of Liability. This Agreement shall not in any way be constructed as an admission by Releasees that they have acted wrongfully with respect to Plaintiff or any other person or employee, or that Plaintiff has any rights whatsoever against Releasees. Releasees specifically disclaim any liability to or wrongful acts against Plaintiff. It is fully understood and agreed that each party shall pay that party's own attorney's fees and costs except as otherwise provided herein.

14. Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

15. Consideration. The undersigned Plaintiff shall affirm that the only consideration for Plaintiff 's signing this Agreement are the consideration and terms stated herein; that no other promise or agreement of any kind has been made to Plaintiff by any person or entity whomsoever to cause Plaintiff to execute this instrument; and that Plaintiff fully understands the meaning and intent of the release set forth in this Agreement, including but not limited to its final and binding effect. Plaintiff further affirms that Plaintiff is not otherwise entitled to the consideration provided under this Agreement.

16. Return of Property. Plaintiff agrees and acknowledges that she has already returned all documents, tangible things and/or all other items Plaintiff has received or obtained from Releasees and/or property of Releasees including but not limited to keys, security cards, equipment, documents, supplies, customer lists, customer information, confidential documents, etc., Plaintiff received from any other source. If she has not, Plaintiff agrees to provide the property to the undersigned counsel prior to the payment of settlement proceeds. Plaintiff further covenants and agrees that Plaintiff shall not directly or indirectly access, interfere with, tamper with, alter, damage or destroy Releasees' property, including electronic files, or any part thereof.

**17. Time to Consider Agreement. Plaintiff states that he/she has carefully read this Agreement and knows and understands its contents and that Plaintiff executes this Agreement as his/her own free act and deed and enters into this Agreement knowingly and voluntarily. Plaintiff understands that he/she may take as long as 21 calendar days to decide whether to sign this Agreement. Plaintiff's execution of this Agreement before the expiration**

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

**of that period will constitute his/her representation and warranty that he/she has decided that he/she does not need any additional time to decide whether to execute it. Plaintiff further agrees that any changes, if any, which may be made to the original version of this Agreement by mutual agreement of the parties are not significant and will not re-start the twenty-one (21) day period set forth within this Section 18.**

**Plaintiff acknowledges and agrees that Plaintiff has been given the opportunity to consider this Agreement for a reasonable period of time and has been given the opportunity to review this Agreement with counsel of Plaintiff's choosing.**

**18. Right to Revoke.  Plaintiff understands that he/she has the right to revoke the portions of this Agreement relating to the release of claims for age discrimination under the Age Discrimination in Employment Act and the Older Workers' Benefit Protection Act for any reason within seven (7) calendar days after he/she signs the Agreement. Any revocation must be in writing and received by Nathaly Saavedra, Esq., PereGonza, the Attorneys, 1414 NW 107th Ave, suite 302, Doral FL 33172 within seven (7) days after Plaintiff signs this Agreement. Plaintiff understands that no payments under this Agreement shall be made to Plaintiff until after this revocation period has expired without Plaintiff giving notice of revocation.**

19. Amendment.  This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

20. Entire Agreement.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties.  Plaintiff also acknowledges that Plaintiff has not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

21. Breach of Agreement.  In the event Plaintiff breaches this Agreement, any or all Releasees may institute an action to specifically enforce the terms of this Agreement, in addition to any other legal or equitable relief permitted by law and/or by this Agreement.

22. Applicable Law.  This Agreement is made and entered into in the state of Florida, and shall in all respects be interpreted, enforced, and governed by and under the laws of the state of Florida.

23. Jurisdiction, Venue and Jury Waiver.  **In the event of any past, current or future dispute, controversy or claim between the Releasees and Plaintiff including, but not limited to, those arising from or relating to this Agreement, its breach, any matter addressed by this Agreement, and/or Plaintiff's employment with and/or separation from Releasees, PLAINTIFF AND RELEASEES ALL WAIVE THE RIGHT TO ANY JURY TRIAL IN**

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

**ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER PARTY AGAINST THE OTHER**. The parties hereby agree and consent to the sole jurisdiction and venue of a state or federal court in Miami-Dade County, Florida for any dispute, controversy or claim.

24. Plaintiff acknowledges and certifies that Plaintiff:

a)   has read and understands all of the terms of this Agreement and does not rely on any representation or statement, written or oral, not set forth in this Agreement; and

b)   has had a reasonable period of time to consider this Agreement.

25. This Agreement is in English and all terms are understood by or have been fully translated to the Plaintiff. By signing below, I, Juan M. Gonzalez, accept and agree to the terms of the settlement agreement.

**Este acuerdo está en inglés y todos los términos son entendidos o han sido completamente traducidos a la demandante. Al firmar a continuación, yo, Juan M. Gonzalez, entiendo y acepto los términos del acuerdo de conciliación.**

By:

**PLAINTIFF**

_____, Juan M. Gonzalez      10 / 08 / 2020
(signature)                                                                                      (date)

8

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb

**DEFENDANTS**

UNIVERSAL GROUP 1, INC

  By: _____

                   (Date)

  Title: _____

MARTIN F. PEREZ

_____       _____
Signature                   Date

LEON AZICRI

_____       _____
Signature                   Date

Doc ID: 9017866f57cc7c63e1fa339522d589f645572bbb



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | GONZALEZ JUAN - S... Final 100120.pdf |
| **DOCUMENT ID** | 9017866f57cc7c63e1fa339522d589f645572bbb |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

SENT  **10 / 08 / 2020**  19:38:17 UTC-5   Sent for signature to Juan Gonzalez (gonzalezjuanmiguel190@gmail.com) from jfp@thepalmalawgroup.com
IP: 73.0.216.26

VIEWED  **10 / 08 / 2020**  19:39:41 UTC-5   Viewed by Juan Gonzalez (gonzalezjuanmiguel190@gmail.com)
IP: 73.1.98.243

SIGNED  **10 / 08 / 2020**  19:41:18 UTC-5   Signed by Juan Gonzalez (gonzalezjuanmiguel190@gmail.com)
IP: 73.1.98.243

COMPLETED  **10 / 08 / 2020**  19:41:18 UTC-5   The document has been completed.

Powered by HELLOSIGN

## SETTLEMENT AGREEMENT, WAIVER, AND RELEASE

This Settlement Agreement, Waiver, and Release ("Agreement") is made between JUAN M. GONZALEZ (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and, and UNIVERSAL GROUP 1, INC., MARTIN F. PEREZ and LEON AZICRI (hereinafter referred to as "Defendants," or "Releasees" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

### RECITALS

WHEREAS, Plaintiff and Defendants, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff as set forth below.

NOW, THEREFORE, in consideration of the mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

1. <u>Consideration Paid To Plaintiff</u>: In consideration for execution of this Agreement, and for not only the dismissal with prejudice of the lawsuit *case No. 20-CV-21379-kmw* pending in the United States District Court for the Southern District of Florida ("SDFL action") but also the Plaintiff's relinquishment and withdrawal of all other claims, pending or potential, against the Defendants, each party to bear its own fees and costs except as described herein, Defendants agree to pay the amount described herein. The Plaintiff warrants that no other charges or complaints have been filed related to his employment with the Defendants but agrees that either way all claims related to his employment are relinquished. Plaintiff further agrees and acknowledges that Defendant's obligations pursuant to this Agreement do not arise until Plaintiff executes this Agreement.

In exchange for the consideration from Plaintiff in this Agreement, Defendants agree to pay the total sum of $18,000 in two installments which includes $10,000 for Plaintiff in consideration to Plaintiff for his claims for alleged overtime wages and for alleged liquidated damages and 8,000 for fees and costs. All of these amounts will be paid to Plaintiff and his counsel in two installments as follows:

   a. First payment on or before October 1, 2020, of $9,000 payable to Plaintiff's counsel Trust Account: "Zandro E. Palma, PA IOLTA".
   b. Second payment of $9,000.00 due on or before November 13th, 2020 payable to Plaintiff's counsel Trust Account: "Zandro E. Palma, PA IOLTA".

All funds to remain in Plaintiff's counsel trust account until the Court enters an order approving the settlement and dismissing the case with prejudice. In the event that the Court does not approve the settlement, after both parties have in good faith exhausted all attempts to have the agreement approved by the Court, then the Plaintiff shall return all settlement funds to the Defendants and

the case shall proceed in litigation.

Default Provision: In the event a payment is not received when due as set forth above in paragraph 1, Plaintiff shall send e-mail notice to Defendants' counsel @ nathaly@peregonza.com and juan@peregonza.com, indicating that a payment has not been received. Defendants shall then have three (3) business days to cure by making payment within this timeframe. In the event Defendants do not make payment, and upon expiration of the three (3) business days cure period, Plaintiff shall be entitle to entry of a Stipulated Judgment against all Defendants, jointly and severally, for the full amount then remaining, plus $15,000.00 in liquidated damages, plus Plaintiff's reasonable attorney's fees and costs incurred in entering and enforcing judgment.

2. Tax Liability: Plaintiff will indemnify and hold Defendants, their directors, agents, legal counsel, insurers and other professional advisors harmless to the full extent allowed by law or equity, against all claims, damages, penalties, or actions to which Defendants may become subject, related to the taxation or deductions from the amounts being paid in connection with this Agreement including the withholding of payroll taxes.

3. Exclusive Authority: Plaintiff represents and warrants that no person other than themselves had or has any claims to any interest in the subject matter of their allegations against Defendants; that they have the sole right and exclusive authority to execute this Agreement; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement, except as may relate to their fee agreement with their attorney.

4. No Admission of Liability: Plaintiff acknowledge that Defendants deny any liability whatsoever with respect to the claims made by Plaintiff. In accepting payment in consideration for this Agreement, Plaintiff agree that such payment is tendered and accepted to resolve all their pending issues with Defendants, and that this will not be construed as an admission by Defendant of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether under any federal, state or local law.

5. Releases. Based on the consideration described above, which Plaintiff agrees is sufficient consideration to which Plaintiff is not otherwise entitled, Plaintiff hereby fully and finally releases and discharges Releasees from any and all claims, demands, rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, including without limitation: any and all claims by or on behalf of Plaintiff that Releasees have ever committed any statutory violation or other wrong with respect to Plaintiff insofar as such claims have or could have been asserted by Plaintiff ; any and all claims of other liability or damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Plaintiff's alleged employment with and/or separation from Releasees including but not limited to claims for

2

breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by Releasees; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on Releasees' right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Plaintiff against Releasees and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement. The statutory claims released by this Settlement Agreement include, but are not limited to, claims brought under:

- Title VII of the Civil Rights Act of 1964, as amended in 1991;
- Section 1981;
- The Florida Civil Rights Act;
- The Equal Pay Act;
- The Employee Retirement Income Security Act ("ERISA");
- The Age Discrimination in Employment Act;
- The Older Worker Benefit Protection Act;
- The Fair Labor Standards Act;
- The Americans With Disabilities Act;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Immigration Reform Control Act;
- Executive Order 11246;
- OSHA;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Worker Adjustment and Retraining Notification Act;
- The Employee Polygraph Protection Act;
- The Electronic Communication Privacy Act;
- The Computer Fraud & Abuse Act;
- The Health Insurance Portability & Accountability Act of 1996; and
- Any state or federal anti-discrimination, consumer protection and/or trade practices act.

Plaintiff represents and warrants that Plaintiff has not and will not assign Plaintiff's interest in any of Plaintiff's asserted claims or any unasserted claims against Releasees to anyone. Plaintiff further releases Releasees from any duties or obligation to indemnify Plaintiff for any fees, costs, and/or damages Plaintiff has incurred or may incur in the future based upon events that occur up to the date this Agreement was signed, except as otherwise required by law. Plaintiff fully understands that this Agreement includes any and all claims related in any manner to Plaintiff's employment or the cessation of that employment except where specifically excluded.

6. <u>No Re-employment.</u> Plaintiff expressly agrees that Plaintiff will not be eligible for future employment or other contractual relationship in any position with any Releasee, nor will Plaintiff seek or apply for such employment or contractual relationship, and Plaintiff represents and warrants that Plaintiff will not knowingly apply for or otherwise seek future employment or other contractual relationship with any Releasee. If Plaintiff is hired by any Releasee, or Plaintiff enters into a contractual relationship with any Releasee, this Agreement and General Release shall be sufficient to terminate Plaintiff. Plaintiff agrees that the limitations in this section on Plaintiff's future employment and contractual rights are fair and just under all of the relevant facts and circumstances, including the highly contested disputes between Plaintiff and Releasees. Further, Plaintiff expressly agrees that Plaintiff will not in the future come onto or enter Releasees' business premises.

7. <u>Agreement as Complete Defense.</u> The parties understand that this Agreement, and the releases it contains, is a complete defense to any claim or entitlement which Plaintiff may hereinafter assert against Releasees in any suit or claim for or on account of any matter or thing whatsoever occurring up to and including the date the Agreement is signed by both parties.

8. <u>Confidentiality.</u> Subject to the other terms and conditions of this Agreement, Plaintiff agrees to keep the following matters strictly confidential:

    a.     the existence and terms of this Agreement;
    b.     the claims which were or could have been asserted, either expressly or by implication, by Plaintiff in any action against Releasees;

    c.     the facts or alleged facts upon which said action is purported to be based or could have been based;

    d.     any and all facts and information obtained at any time by Plaintiff related to this Agreement and all confidential and/or proprietary information learned by Plaintiff about the business affairs, employees, and patients of Releasees during the time Plaintiff had an employment, business and/or contractual relationship with Releasees.

These matters are to be held in strict confidence by Plaintiff. Plaintiff agrees that all the above-described matters shall be kept confidential and shall not be discussed, disclosed or otherwise revealed **to any person or entity,** including any governmental, legislative or regulatory body, in either general or specific terms except: (a) with the prior written consent of Releasees; (b) pursuant to an order of a court or an order or request by a governmental body having jurisdiction to issue such order or request, in which event Plaintiff shall make every reasonable effort to notify Releasees prior to any such disclosure; or (c) for accounting purposes, tax purposes, or securing government benefits, or to Plaintiff's lawyer or accountant. When disclosure is required and allowed by this Agreement, those parties to whom such communication is made will: (a) be put on notice of the confidentiality of this Agreement; (b) be specifically instructed to maintain such information as confidential and to refrain from disclosing such information to any other person as allowed by law; and; (c) be required to agree in writing to be bound by the constraints of this Agreement. Nothing in this Agreement is intended to prevent or discourage your filing charges with administrative agencies such as the EEOC or NLRB; from participating in any investigation by such an agency; or to affect claims for workers' compensation or unemployment insurance, or other claims that cannot be lawfully released by you. Notwithstanding, you hereby waive any individual relief related to any administrative agency filing. Further, if asked about the result of this matter, Plaintiff may respond that "the matter has been amicably resolved."

9. <u>Restrictive Covenants Independent</u>. Each restrictive covenant set forth in this Agreement shall be construed as a covenant independent of any other covenant or provision of this Agreement between Sea Lion Boats and Plaintiff, and the existence of any claim or cause of action by Plaintiff against Releasees, whether predicated upon another covenant or provision of the Agreement or otherwise, shall not constitute a defense to the enforcement by Releasees of any other covenant or this Agreement.

10. <u>Disparaging Statements.</u> Plaintiff agrees not to make any disparaging statements concerning Releasees, its/their products or services.

11. <u>Damages for Breach of Confidentiality Clause.</u> The parties acknowledge and agree that Plaintiff has been specifically advised that Plaintiff is not to disclose any information made confidential by this Agreement. Plaintiff represents and warrants that since this agreement was reached, Plaintiff has made no disclosure of any information made confidential by the Agreement. In the event Plaintiff violates this confidentiality or non-disparagement provision, Plaintiff will be obligated to pay Releasees $5,000.00 per each proven breach in Court as liquidated damages, and not as a penalty, for each violation. The parties agree that this sum is a good faith estimate of Releasees' damages for any breach by Plaintiff of this confidentiality or non-disparagement provision.

12. <u>Affirmations</u>. To the extent Plaintiff may be classified as nonexempt, is later deemed nonexempt, or later claims Plaintiff should have been classified as nonexempt, Plaintiff affirms

5

that Plaintiff has reported all hours worked as of the date of this Agreement and has been paid and/or has received all leave (paid or unpaid), compensation, regular wages, bonuses, commissions, vacation pay, shares, stock options and/or benefits to which Plaintiff may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to Plaintiff. Plaintiff furthermore affirms that Plaintiff has no known workplace injuries or occupational diseases. Plaintiff further affirms Plaintiff has not complained of and is not aware of any fraudulent activity or any act(s) which would form the basis of a claim of fraudulent or illegal activity of Releasees.

13. No Admission of Liability. This Agreement shall not in any way be constructed as an admission by Releasees that they have acted wrongfully with respect to Plaintiff or any other person or employee, or that Plaintiff has any rights whatsoever against Releasees. Releasees specifically disclaim any liability to or wrongful acts against Plaintiff. It is fully understood and agreed that each party shall pay that party's own attorney's fees and costs except as otherwise provided herein.

14. Severability. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

15. Consideration. The undersigned Plaintiff shall affirm that the only consideration for Plaintiff's signing this Agreement are the consideration and terms stated herein; that no other promise or agreement of any kind has been made to Plaintiff by any person or entity whomsoever to cause Plaintiff to execute this instrument; and that Plaintiff fully understands the meaning and intent of the release set forth in this Agreement, including but not limited to its final and binding effect. Plaintiff further affirms that Plaintiff is not otherwise entitled to the consideration provided under this Agreement.

16. Return of Property. Plaintiff agrees and acknowledges that she has already returned all documents, tangible things and/or all other items Plaintiff has received or obtained from Releasees and/or property of Releasees including but not limited to keys, security cards, equipment, documents, supplies, customer lists, customer information, confidential documents, etc., Plaintiff received from any other source. If she has not, Plaintiff agrees to provide the property to the undersigned counsel prior to the payment of settlement proceeds. Plaintiff further covenants and agrees that Plaintiff shall not directly or indirectly access, interfere with, tamper with, alter, damage or destroy Releasees' property, including electronic files, or any part thereof.

17. **Time to Consider Agreement.** **Plaintiff states that he/she has carefully read this Agreement and knows and understands its contents and that Plaintiff executes this Agreement as his/her own free act and deed and enters into this Agreement knowingly and voluntarily. Plaintiff understands that he/she may take as long as 21 calendar days to decide whether to sign this Agreement. Plaintiff's execution of this Agreement before the expiration**

of that period will constitute his/her representation and warranty that he/she has decided that he/she does not need any additional time to decide whether to execute it. Plaintiff further agrees that any changes, if any, which may be made to the original version of this Agreement by mutual agreement of the parties are not significant and will not re-start the twenty-one (21) day period set forth within this Section 18.

Plaintiff acknowledges and agrees that Plaintiff has been given the opportunity to consider this Agreement for a reasonable period of time and has been given the opportunity to review this Agreement with counsel of Plaintiff's choosing.

**18. Right to Revoke.** Plaintiff understands that he/she has the right to revoke the portions of this Agreement relating to the release of claims for age discrimination under the Age Discrimination in Employment Act and the Older Workers' Benefit Protection Act for any reason within seven (7) calendar days after he/she signs the Agreement. Any revocation must be in writing and received by Nathaly Saavedra, Esq., PereGonza, the Attorneys, 1414 NW 107th Ave, suite 302, Doral FL 33172 within seven (7) days after Plaintiff signs this Agreement. Plaintiff understands that no payments under this Agreement shall be made to Plaintiff until after this revocation period has expired without Plaintiff giving notice of revocation.

**19. Amendment.** This Agreement may not be modified except upon express written consent of both parties wherein specific reference is made to this Agreement.

**20. Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff also acknowledges that Plaintiff has not relied on any representation, promises, or agreements of any kind made in connection with the decision to sign this Agreement, except for those set forth in this Agreement.

**21. Breach of Agreement.** In the event Plaintiff breaches this Agreement, any or all Releasees may institute an action to specifically enforce the terms of this Agreement, in addition to any other legal or equitable relief permitted by law and/or by this Agreement.

**22. Applicable Law.** This Agreement is made and entered into in the state of Florida, and shall in all respects be interpreted, enforced, and governed by and under the laws of the state of Florida.

**23. Jurisdiction, Venue and Jury Waiver.** In the event of any past, current or future dispute, controversy or claim between the Releasees and Plaintiff including, but not limited to, those arising from or relating to this Agreement, its breach, any matter addressed by this Agreement, and/or Plaintiff's employment with and/or separation from Releasees, **PLAINTIFF AND RELEASEES ALL WAIVE THE RIGHT TO ANY JURY TRIAL IN**

7

**ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER PARTY AGAINST THE OTHER.** The parties hereby agree and consent to the sole jurisdiction and venue of a state or federal court in Miami-Dade County, Florida for any dispute, controversy or claim.

24. Plaintiff acknowledges and certifies that Plaintiff:

a) has read and understands all of the terms of this Agreement and does not rely on any representation or statement, written or oral, not set forth in this Agreement; and

b) has had a reasonable period of time to consider this Agreement.

25. This Agreement is in English and all terms are understood by or have been fully translated to the Plaintiff. By signing below, I, Juan M. Gonzalez, accept and agree to the terms of the settlement agreement.

**Este acuerdo está en inglés y todos los términos son entendidos o han sido completamente traducidos a la demandante. Al firmar a continuación, yo, Juan M. Gonzalez, entiendo y acepto los términos del acuerdo de conciliación.**

By:

**PLAINTIFF**

_____, Juan M. Gonzalez    _____
(signature)                                                                                                          (date)

**DEFENDANTS**

UNIVERSAL GROUP 1, INC

By: _____

(Date)

Title: __Presidente__

MARTIN F. PEREZ

_____     _____
Signature                                              Date

LEON AZICRI

_____     ____10/2/20____
Signature                                              Date

9